IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| THOMAS STEWART HOLCOMB | § | |
| VS. | § | CIVIL ACTION NO. 9:21-CV-81 |
| JAIL ADMINISTRATOR, PECOS MUNICIPAL CRIMINAL JUSTICE CENTER | § | |

MEMORANDUM OPINION REGARDING TRANSFER

Petitioner, Thomas Stewart Holcomb, currently incarcerated at the Pecos Municipal Criminal Justice Center, proceeding *pro se*, filed what appears to be a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Petitioner was convicted of bank robbery on January 27, 2020, and sentenced to a 41 month term of imprisonment and 3 years of supervised release in the Eastern District of Texas, Lufkin Division. *United States v. Holcomb*, 9:19-CR-1 (E.D. Tex. Jan. 27, 2020). Petitioner challenges the calculation of time credited toward the completion of his sentence.[1]

Analysis

Title 28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." "To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian." *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (citation omitted). A § 2241 petition must be filed in the district where the

---

[1] Petitioner also appears to seek compassionate release.

petitioner is incarcerated. *Id.*; *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).

Petitioner is currently confined at the Pecos Municipal Criminal Justice Center where he was located when he submitted the petition. The Pecos Municipal Criminal Justice Center is located in the Western District of Texas, Pecos Division. As petitioner is not incarcerated in the Eastern District of Texas, this court is without jurisdiction to consider this petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241; subject matter jurisdiction cannot be waived. *See DeCell & Associates v. F.D.I.C.*, 36 F.3d 464, 471 (5th Cir. 1991).

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

## Conclusion

After considering the circumstances, the court has determined that the interests of justice would best be served if this petition were transferred to the district in which petitioner is confined rather than dismiss the case for lack of jurisdiction. An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

**SIGNED this the 1st day of June, 2021.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE